## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **NANCY KORISTA-JACOB**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**KLOCKE OF AMERICA, INC.**, a Florida corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>Case No.  **2:23-cv-172**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **NANCY KORISTA-JACOB** ("**KORISTA-JACOB**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2.     The Plaintiff, **NANCY KORISTA-JACOB** ("**KORISTA-JACOB**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida. At all material times, **KORISTA-JACOB** performed work

1

primarily in Lee County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **KORISTA-JACOB** was an employee within the contemplation of the FMLA. Venue for this action lies in the Middle District of Florida, Fort Myers Division.

3.     The Defendant, **KLOCKE OF AMERICA, INC.** ("**KLOCKE**" or "Defendant") is a Florida corporation with a principal place of business in Lee County, Florida. **KLOCKE** was **KORISTA-JACOB**'s employer within the meaning of the FMLA as it employs in excess of 50 employees.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5.     Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Lee Division under Local Rule 1.04 since the action accrued primarily in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.     **KORISTA-JACOB** began her employment with the Defendant on or about October 26, 2020, and was employed as the vice president of human resources.

2

7.      **KORISTA-JACOB** performed her assigned duties in a professional manner and was very well qualified for her position. In fact, **KORISTA-JACOB** always received fully successful to exceptional performance reviews from the Defendant prior to developing a disability and requesting reasonable accommodations and FMLA leave.

8.      **KORISTA-JACOB** was a qualified person with a disability, and thus a member of a protected class, as she suffers from impairments of the Musculo-skeletal system.

9.      **KORISTA-JACOB**'s impairments impact her ability to perform major life activities, such as walking and working when not in remission.

10.     **KORISTA-JACOB** has a history of these impairments that limits major bodily functions and several major life activities. **KORISTA-JACOB**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

11.     On or about July 7, 2022, **KORISTA-JACOB** requested the reasonable accommodation of working from home since she was fully able to perform the essential functions of her position while working remotely. In the alternative, she requested FMLA leave for approximately 8-weeks due to her serious health condition (which also qualifies as a disability under the ADA and FCRA).

12.     The Defendant failed to respond to **KORISTA-JACOB**'s request for reasonable accommodations and failed to respond to her request for FMLA leave within the allowed 5-business days.

13.     Several weeks later, the Defendant arbitrarily denied **KORISTA-JACOB**'s request for reasonable accommodations and her request for FMLA leave (despite granting such requests when made by similarly situated employees outside of her protected classes).

14.     Shortly thereafter, the Defendant issued **KORISTA-JACOB** a poor performance review (which she objected to as being retaliatory for having requested reasonable accommodations and FMLA leave), and then terminated her employment on or about November 15, 2022.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- INTERFERENCE

15.     The Plaintiff hereby incorporates by reference Paragraphs 1-15 in this Count by reference as though fully set forth below.

16.     **KORISTA-JACOB** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she began suffering from a serious health condition, **KORISTA-JACOB** had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

17.     **KORISTA-JACOB** informed the Defendant of her likely need for leave for her serious health condition.

18.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

19.     If the Defendant were to have decided that **KORISTA-JACOB**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

20.     The Defendant has never provided **KORISTA-JACOB** with any notice disqualifying her FMLA leave.

21.     In fact, the Defendant should have determined that **KORISTA-JACOB** was eligible for leave under the FMLA and yet refused to allow her intermittent leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

22.     **KORISTA-JACOB** engaged in activity protected by the **FMLA** when she requested intermittent leave due to her serious health conditions, consistently informing the Defendant of the same.

23.     The Defendant knew, or should have known, that **KORISTA-JACOB** was exercising her rights under the FMLA and was aware of **KORISTA-JACOB**'s need for FMLA-protected absence.

24.    **KORISTA-JACOB** complied with all of the notice and due diligence requirements of the FMLA.

25.    The Defendant was obligated, but failed, to allow **KORISTA-JACOB** to take FMLA leave and to return **KORISTA-JACOB**, an employee who requested intermittent FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

26.    A causal connection exists between **KORISTA-JACOB**'s request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **KORISTA-JACOB** a benefit to which she was entitled under the FMLA.

27.    As a result of the above-described violations of FMLA, **KORISTA-JACOB** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA")- RETALIATION

28.     The Plaintiff hereby incorporates by reference Paragraphs 1-15 in this Count by reference as though fully set forth below.

29.     **KORISTA-JACOB** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she suffered from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider and **KORISTA-JACOB** worked more than 1,250 hours in the preceding 12 months of employment with the Defendant.

30.     **KORISTA-JACOB** informed the Defendant of her need for intermittent leave due to her serious health conditions.

31.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

32.     If the Defendant were to have decided that **KORISTA-JACOB**'s expected absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

33.     The Defendant has never provided **KORISTA-JACOB** with any notice disqualifying her FMLA leave.

34.    In fact, the Defendant determined that **KORISTA-JACOB** was eligible for leave under the FMLA but then terminated her employment because of her request for federally protected medical leave and reinstatement.

35.    **KORISTA-JACOB** engaged in activity protected by the **FMLA** when she requested intermittent leave due to her serious health conditions and reinstatement, consistently informing the Defendant of the same.

36.    The Defendant knew that **KORISTA-JACOB** was exercising her rights under the FMLA.

37.    **KORISTA-JACOB** complied with all of the notice and due diligence requirements of the FMLA.

38.    A causal connection exists between **KORISTA-JACOB**'s request for FMLA-protected leave and reinstatement and the Defendant's termination of her employment.

39.    The Defendant retaliated by altering the terms and conditions of **KORISTA-JACOB**'s employment by terminating **KORISTA-JACOB**'s employment because she engaged in the statutorily protected activity of requesting, taking and demanding reinstatement from FMLA leave. The Defendant terminated her because she engaged in this statutorily protected activity.

40.    The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **KORISTA-JACOB**'s employment because

she engaged in activity protected by the FMLA. As a result of the above-described violations of FMLA, **KORISTA-JACOB** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## <u>DEMAND FOR JURY TRIAL</u>

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: March 13, 2023    **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com